# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-02376-JLS-DFM | Date: May 27, 2021 |
| Title: Gilbert Salinas v. SHC Laguna Niguel I, LLC et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Karlen Dubon | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)   ORDER TO SHOW CAUSE RE: STAY**

Before the Court is a Motion to Dismiss filed by Defendant SHC Laguna Niguel I, LLC ("SHC").  (Mot., Doc. 12; Mem., Doc. 12-1.)  Plaintiff's complaint alleges violations of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act, based on the allegation that Defendant's hotel website violates 28 C.F.R. § 36.302(e) (the "Reservations Rule").  (Compl., Ex. 1 to Notice of Removal, Doc. 1.)

As the parties are likely aware, four nearly identical lawsuits brought by Plaintiff's counsel in this case (the Center for Disability Access) have been appealed to the Ninth Circuit:

*Love v. Marriott Hotel Services, Inc.*, No. 21-15458
*Arroyo v. JWMFE Anaheim, LLC*, No. 21-55237
*Garcia v. Gateway Hotel L.P.*, No 21-55227;
*Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 21-15674.

(collectively, the "Appeals").  Similar to the Plaintiff here, the plaintiffs in those cases allege that they visited the defendants' hotel reservations websites, but the websites failed to identify the hotel's accessibility features in sufficient detail, thus violating the ADA's Reservations Rule.  The defendants moved to dismiss the claims, which the district courts granted with prejudice.  *See Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH,

2021 WL 810252, at *8 (N.D. Cal. Mar. 3, 2021); *Garcia v. Gateway Hotel L.P.*, No. CV2010752PAGJSX, 2021 WL 936176, at *5 (C.D. Cal. Feb. 25, 2021); *Arroyo v. JWMFE Anaheim, LLC*, No. SACV 21-00014-CJC-KESx, 2021 WL 936018, at *3 (C.D. Cal. Feb. 16, 2021); *Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 2:20-cv-02162-JAM-DB, Doc. 17 (E.D. Cal. Mar. 23, 2021).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  The decision whether to stay an action is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay . . . ." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Ninth Circuit has never addressed the question of what accessibility information a hotel must provide on its reservation website, and the outcome of the Appeals will directly affect the outcome of this case.  Accordingly, the parties are ORDERED to show cause, in writing, no later than **five (5) days from the date of this Order,** why the Court should not stay this action pending the outcome of the Appeals.  Alternatively, the Court will consider the filing of a stipulation to stay a sufficient response to this Order.

In light of the foregoing, the hearing on Defendant's motion set for May 28, 2021, at 10:30 a.m. is VACATED.

Initials of Deputy Clerk: kdu